```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION


AMANDA BRECKEL,              :    NO.  1:12-CV-00627
                             :
        Plaintiff,           :
                             :
    v.                       :    OPINION AND ORDER
                             :
ALEXA ENTERPRISES, INC.,     :
                             :
        Defendant.
```

This matter is before the Court on Defendant's Motion to Dismiss or Stay Proceedings Pending Arbitration (doc. 7), Plaintiff's Response in Opposition (doc. 11), and Defendant's Reply (doc. 16). For the reasons indicated herein, the Court GRANTS Defendant's motion.

Plaintiff's Complaint involves claims that she suffered sexual harassment, discrimination, and retaliation while an employee of Defendant's franchise pizza restaurant (doc. 1). In the instant motion, Defendant seeks to dismiss or stay this matter and to Compel Arbitration in accordance with an arbitration agreement that Plaintiff signed during the course of her employment (doc. 7). Such agreement indicated that arbitration was a condition of employment and was "the mandatory and exclusive means by which those problems may be resolved," and that "all legal claims or disputes covered by the Agreement must be submitted to binding Arbitration" (Id.). The agreement also referenced a Dispute Resolution Handbook in which arbitration procedures were

explained, that Plaintiff acknowledged to "have received and read or. . .had an opportunity to read" (Id.). Such booklet expressly names the claims Plaintiff raises in this case as covered by the agreement (Id.).

Plaintiff claims this matter is properly before the Court because there is a lack of evidence that she made a knowing and voluntary waiver of her rights (doc. 11). She claims she does not remember reading the Agreement, and moreover, that she never saw a copy of the Dispute Resolution Handbook (Id.). In fact, she argues Defendant engaged in "overreaching," having "hustled" her into signing the agreement when she, as a high school dropout, was asked to do so to update files (Id.). Plaintiff therefore seeks a bench trial so as to determine whether Plaintiff knowingly and voluntarily waived her right to pursue her claims in Court (Id.).

Defendant replies that not only is there a lack of evidence that Plaintiff was under duress or defrauded into signing the agreement, but that in the course of her employment, she regularly signed similar arbitration agreements with new employees in her role as a manager on behalf of the company (doc. 16). Defendant further contends there is no requirement under the law that the Court resolve the question of arbitration, as the arbitrator can make such determination (Id. citing Maestle v. Best Buy Co., 100 Ohio St. 3d 330 at ¶18, 800 N.E. 2d 7 (Ohio 2003)). Finally, Defendant invokes the well-established principle that

2

federal law favors arbitration for the resolution of employment disputes (Id. citing 9 U.S.C. §2, Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985)).

  Having reviewed this matter, the Court finds Defendant's position well-taken in all respects.  There is no evidence that Plaintiff was in some way improperly duped or defrauded into signing the arbitration agreement.  In fact, the evidence shows that she repeatedly entered into such agreements on behalf of the company with new employees in her role as a manager.  The provisions of the Federal Arbitration Act, 9 U.S.C. § 4, as well as a host of case law, spell out the well-established principles supporting the enforcement of arbitration agreements.  Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443 (2006), Seawright v. American General Financial Services, Inc., 507 F.3d 967, 970 (6th Cir. 2007), Picard v. Credit Solutions, Inc., 564 F.3d 1249, 1253 (11th Cir. 2009)).  The Court sees no basis in this case to refuse to enforce the parties' agreement or further examine the question of the validity of Plaintiff's waiver.  The Court notes that its dismissal of this case does not deny Plaintiff review of her claims, but merely serves as an enforcement of the proper arbitral forum.

  Accordingly, the Court GRANTS Defendant's Motion to Dismiss or Stay Proceedings Pending Arbitration (doc. 7), and DISMISSES this matter on the docket, such that this action may be

3

pursued through the arbitration process the parties selected in their arbitration agreement.

SO ORDERED.

Dated: January 3, 2013         s/S. Arthur Spiegel
                                         S. Arthur Spiegel
                                         United States Senior District Judge